IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 04-21-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND NOTICE TO DEFENDANT |
| | ) | |
| LARRY CHEZEM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On February 1, 2007, Defendant Chezem filed a document captioned "Petition for Review of Sentence." Because the Court lacks jurisdiction to vacate, correct, or set aside a sentence except in a proceeding under 28 U.S.C. § 2255, the "Petition" must be recharacterized as a motion under 28 U.S.C. § 2255 if it is to be considered.

It is also necessary to give Chezem an opportunity to file a complete § 2255 motion or to withdraw his letter. *Castro v. United States*, 540 U.S. 375 (2003), makes clear that a district court which decides to recharacterize a document submitted by a pro se litigant as a § 2255 motion must notify the litigant of its intention and give the litigant an opportunity to respond:

> [T]he district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw or to amend it so that it contains

ORDER AND NOTICE TO DEFENDANT / PAGE 1

all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro*, 540 U.S. at 383.

Pursuant to *Castro*, Chezem is notified that the Court intends to recharacterize his letter as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Such recharacterization will mean that, if the motion is denied, Chezem may not bring another such motion unless he meets the criteria set forth in 28 U.S.C. § 2255, para. 8, and obtains certification from the Ninth Circuit Court of Appeals as described in 28 U.S.C. § 2244(b)(3). A copy of the pertinent statutory sections, 28 U.S.C. §§ 2255 and 2244, is attached to this Order.

If Chezem has additional claims that he intends to bring in a § 2255 motion, he must set forth all such claims in his response to this Order. As alternatives to proceeding at this time under 28 U.S.C. § 2255, Chezem may (1) withdraw the Petition or (2) clarify the procedural mechanism under which he seeks review of the criminal judgment entered against him in this Court on September 30, 2005.

Accordingly, IT IS HEREBY ORDERED as follows:

1. For administrative purposes only, the Clerk of Court shall open a civil file showing Chezem's Petition for Review of Sentence as a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255;

2. The Clerk of Court shall serve a copy of this Order and the accompanying attachment on Chezem; and

3. Chezem shall respond to this Order on or before **May 4, 2007.** Failure to respond will

ORDER AND NOTICE TO DEFENDANT / PAGE 2

be deemed an admission that Chezem's Petition should be recharacterized as a motion under 28 U.S.C. § 2255.

DATED this 6th day of February, 2007.

Donald W. Molloy, Chief Judge
United States District Court

28 U.S.C. § 2255, paras. 6 and 8:

(6) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1)   the date on which the judgment of conviction becomes final;
  (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. . . .

(8) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
  (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
  (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244(b)(3):

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
  (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
  (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
  (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
  (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

ORDER AND NOTICE TO DEFENDANT / PAGE 4